## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **JOHN E. HARRELL** | ) | |
| | ) | |
| and | ) | |
| | ) | Case No.: 1:20-cv-00087 |
| **DAWN D. HARRELL** | ) | (LO/MSN) |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| **DOUGLAS M. DELUCA** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND FOR FEES PURSUANT TO RULE 37(a)(5)

Plaintiff John Harrell ("Harrell"), by counsel, requests that Court order the following: (1) grant this Motion and order Defendant to produce all documents requested in the enumerated requests for production cited herein; (2) produce legible copies of already-produced illegible documents; (3) produce attachments to documents already produced but lacking attachments; (4) order Defendant to produce his phone(s) and computer(s) to Plaintiff's counsel for forensic examination and harvesting of missing text messages at Defendant's cost; (5) if Defendant claims he does not have proof of payment documents relating to construction costs, order production of Defendant's bank and credit card statements; (6) order that documents previously produced in cut and paste format (*see e.g.* Exhibit Q) be produced "in a form or forms in which [they are] ordinarily maintained"; and (7) that Defendant be ordered to pay Plaintiffs' attorney fees incurred in bringing on this Motion, in addition to such further relief as the Court may deem appropriate under the circumstances.

1

## I.    BACKGROUND AND FACTS

This is a fraud and construction defect case brought against a developer, Douglas M. Deluca ("Defendant" or "Mr. Deluca") of certain real property that was acquired by Plaintiffs from Defendant on or about July 3, 2019.  Plaintiffs seek rescission of the sale transaction (Count I: Fraud in the Inducement) and assert additional theories of recovery under the Virginia Consumer Protection Act (Count II) for dishonest conduct and construction fraud, as well as contract remedies (Count III: Breach of Contract).  *See Complaint* (dkt. # 1).  Defendant has largely denied all claims, even though he has admitted that certain work required by contract remains unfinished. (Dkt. #6-1, Declaration of Douglas M. Deluca, ¶ 5).

This motion concerns a substantial failure of the Defendant to produce relevant documents as required by the Federal Rules in response to Harrell's document requests served on June 2, 2020.  Following a letter by Plaintiff counsel detailing Defendant's failures to produce documents dated September 21, 2020, Plaintiffs' counsel and Defendant's counsel discussed the issues raised by this Motion at a meet and confer on October 19, 2020.  At that telephone meeting, and during prior conversations regarding Defendant's deficient production, Defendant's counsel indicated that Defendant would attempt to make additional productions to satisfy Harrell's outstanding requests. However, Defendant has failed to produce responsive documents to numerous requests by Harrell.  As explained below, Harrell has evidence that the categories of documents Defendant refuses to produce do exist, based on document productions by third parties and other evidence.  Defendant's failure to produce his relevant documents is willful obstruction.

Plaintiffs' ability to prepare their case, take depositions and complete expert reports

(expert reports are due November 9, 2020) have been compromised by Defendant's refusal to

produce documents.  Plaintiffs' further request that the Court order Defendant to pay reasonable

attorney's fees pursuant to Rule 37(a)(5) as there is no justification for these tactics.

### A.  The Requests for Production and Defendant's 7/24/2020 Production

Plaintiff John Harrell served his requests for production (the "RFPs") on Defendant on

June 2, 2020.  *See* Exhibit A.  On July 9, 2020, Defendant served objections to the RFPs

("Defendant's Objections").[1]  *See* Exhibit B.  Defendant served a production on July 24, 2020

(the "First Production").  That production was an inadequate partial response.  While many

documents were not produced at all, large portions (hundreds of pages out of 1500 pages total) of

the production are illegible or blank pages. *See e.g. Exhibit* C.

### B.  Correspondence Regarding Deficient Production

In August 2020, Plaintiff's counsel and Defendant's counsel spoke regarding the

deficient production and Defendant's counsel indicated she would investigate and supplement as

required.  On September 21, 2020, Plaintiffs' counsel delivered a letter to Defendant's counsel

outlining the deficiencies in the responses to the RFPs. *See* Exhibit D. Although the letter

demanded supplemental production by October 5, 2020, counsel agreed that a supplemental

production would be made by an extended deadline of October 14, 2020.  *See* Exhibit E.  On

October 14, 2020, Defendant's counsel sent an email indicating that she had received additional

documents from Mr. Deluca and would provide the supplemental production by the end of the

---

[1] This motion does not currently involve a dispute over objections to the RFPs, as Defense
counsel has withdrawn most objections other than attorney-client privilege.  The Plaintiffs,
however, reserves the right to assert their position that Defendant's objections are unwarranted
and waived should it be necessary as part of the resolution of this Motion.

week. *See* Exhibit F.  On October 16, 2020, Defendant served his supplemental production

through counsel (the "Supplemental Production").

### C.  Defendant's Supplemental Production

Defendant's supplemental production consisted of 1112 pages, more than fifty percent

(50%) of which are blank or illegible.  *See e.g.* Exhibit G.  Plaintiffs estimate that more than 80

percent of the documents included in the Supplemental Production are simply repeats of

documents produced in the First Production with new bates labels.  Even after the Supplemental

Production, numerous categories of requested documents were not produced.

### D.     Meet and Confer

On October 19, 2020, Plaintiffs' counsel and Defense counsel held a meet and confer by

telephone.  Plaintiffs' counsel outlined the categories of missing documents and indicated that

certain portions of those documents were known to exist as they had been obtained through

subpoenas issued in this case (all of which have been provided to Defendant's counsel).

Following the meet and confer, Defendant again supplemented his production by providing

approximately 64 additional pages ("Second Supplemental Production").  Numerous documents

that are known to exist still have not been produced, as explained in greater detail below.

## II.     MOTION TO COMPEL

Pursuant to Rule 37, "a party may move for an order compelling disclosure or discovery"

if the opposing party "fails to produce documents." Fed. R. Civ. P 37(a)(3)(iv). "[A]n evasive or

incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or

respond." *Id*. Thus, a party's motion to compel should be granted when the opposing party fails

to produce all responsive documents.

It is difficult to exhaustively enumerate all documents for which no response is given, that are missing, or that have potentially been destroyed in this case.  However, Plaintiffs set forth below major categories of documents that are known to exist but have not been produced.

A.      **THE RFPS FOR WHICH PRODUCTION IS DEFICIENT OR NONEXISTENT**

The RFPs that are in dispute, and discussed in this section, are the following:

**RFP 1.**  Produce all communications between Deluca and any person relating to the claims and defenses in the Action, the Sales Contract, the Construction Contract or the Work.

**RFP 2.** Produce all communications between Deluca and Sotheby's or Muha or Lowham, or Browne relating to the claims and defenses in the Action, the Sales Contract, the Construction Contract or the Work.

**RFP 3.** Produce all communications between Deluca, Federal Home or Federal Construction and any person relating to the certificates of insurance or insurance policies referenced in the certificates of insurance attached hereto as EXHIBIT A, or any other insurance policy covering the Property or the Work at any time between April 3, 2019 and the present day

**RFP 5.** Produce all documents, including invoices, proof of payment and job cost reports, relating to any costs incurred by Deluca, Federal Home or Federal Construction relating to the Work, the Sales Contract or the Construction Contract including labor, equipment, material, suppliers, and subcontractors.

**RFP 6.** Produce all documents which you rely on to support the denial of any allegations in the Plaintiffs' Complaint.

**RFP 9.** Produce all documents, including but not limited to, status reports, internal reports, notes, memoranda, minutes, journals, daily logs, and field notes relating to the Work, the Sales Contract or the Construction Contract.

**RFP 10.** Produce all photographs relating to the Work or the Property.

**RFP 11.** Produce all timesheets or payroll records relating to any Work performed at the Property pursuant to the Sales Contract or Construction Agreement.

**RFP 12.** Produce all invoices, payment applications or other documents in which any entity requested payment for the Work and any construction work or materials furnished to the Property pursuant to the Sales Contract or Construction Contract.

**RFP 13.** Produce all budgets, budget reports, cost projections, financial statements and any other documents which evidence, relate to pertain to the cost of completing any of the Work at the Property pursuant to the Sales Contract and Construction Contract.

**RFP 15.** Provide all documents constituting, evidencing, reflecting or relating to estimates or bids by any subcontract or material supplier for the Work performed pursuant to the Sales Contract or Construction Contract.

**RFP 16.** Produce all entries in any check registry or other financial ledger relating to payments made to subcontractors or suppliers or other third parties which performed Work or furnished materials to complete the construction work required under the Sales Contract or Construction Contract

**RFP 17.** Produce all receipts or other proof of payment documents relating to payments made to subcontractors or suppliers or other third parties which performed Work or furnished materials to complete the construction work required under the Sales Contract or Construction Contract, including but not limited to receipts for the master bath tile, the front gates, the outdoor refrigerator drawers, the door stops (including any restocking fee) and all other items described in any Exhibit to the Sales Contract, and any amendment thereto.

**RFP 18.** Produce all subcontracts or purchase orders between you, Federal Home or Federal Construction and any subcontractors or suppliers or other third parties which performed Work or furnished materials to complete the construction work required under the Sales Contract or Construction Contract.

**RFP 19.**  Provide the original certificates of insurance shown in the copies attached hereto as EXHIBIT A. If received electronically, provide the email of transmission.

**RFP 20.** Original versions of the letters dated October 28, 2019 attached hereto as EXHIBIT B. If received by email, provide the transmitting email.

**RFP 21.**  Produce all communication between you, Federal Home or Federal Construction and Soil & Structure, Consulting, Inc. or Amol Fulambarkar relating to the Work, the Property or any of the claims and defenses in the Action.

**RFP 22.**  Produce all communications between Deluca, Federal Home or Federal Construction and Arlington county relating to the Property or the Work.

**RFP 23**.  Produce all permit applications and any document submitted in support of any permit application for construction work on the Property.

**RFP 24.**  Produce all drawings or plans pertaining to Work performed on the Property.

4839-3415-6240.2

**RFP 25.** Produce any third-party report regarding the roof on the Property and all and all communications between Deluca, Federal Home or Federal Construction concerning the roof on the Property.

**RFP 27.** Produce any spray foam certificate for spray foam work performed at the Property.

*See* Exhibit A.

**B.      COMMUNICATIONS.**

RFP#1, RFP #2, RFP # 3, RFP # 19, RFP #20, RFP #21, RFP #22, and RFP #23 request copies of certain communications relevant to the sale of the Property and Defendant's construction activities. Defendant has refused to produce documents responsive to these requests, including the following categories of communications.

**1. Text Messages.**  Not a single text message is provided in either the First Production or the supplemental productions.  Plaintiff knows relevant text message documents generated by Defendant exist, based on responses to third party subpoenas and its own records. *See e.g.* Exhibit H.  These documents must be produced.

**i. Text Messages with TTR Sotheby's.**  Defendant communicated frequently by text and email with TTR Sotheby's, the real estate agency that brokered the transactions at issue.  These texts relate to the marketing of the property and the negotiations that led up to the eventual offer and sale.  Plaintiff knows, through documents received by third party subpoena that these documents exist. *See* Exhibit I.

**ii.      Brendan Muha of TTR Sotheby's.**  Brendan Muha of TTR Sotheby's, for example, texted regularly with Mr. Deluca regarding the Property. *See* Exhibit J.   In August of 2019, Mr. Muha indicated to Plaintiffs that he had texts with Defendant dating "pretty far back."  *See* Exhibit K. Defendant should be required to produce all relevant texts with Brendan Muha.

7

        **iii.**      **Mark Lowham**. There are likewise texts between the CEO of

TTR Sotheby's and Defendant that were produced in response to the subpoena

issued to TTR Sotheby's. *See* Exhibit L.  Defendant produced none. Defendant

should be required to produce all texts with Mark Lowham.

        **iv.**      **All other texts.**  Given the frequency that Defendant

communicated by text with the parties listed above, it stands to reason additional

relevant texts regarding this transaction or the construction performed by

Defendant exist. There is no basis to refuse to produce all other relevant texts.

Defendant should be require to produce all other such texts and Defendant

counsel should be required to confirm which text threads are and are not

produced. If the text threads no longer exist, Defendant should alert Plaintiffs'

Counsel so that the procedures for spoilation under Rule 37 may be initiated.

Alternatively, Defendant should be required to produce his phone to Harrell to

conduct a forensic examination for missing text threads.

    **2.**    **Communications with insurance companies**

One of the items that Plaintiffs' have discovered after the filing of the Complaint is that

Defendant did not have effective insurance coverage even though he provided certificates of

insurance purporting to show the required coverage.  RFP # 3 and #19 requests communications

related to these matters. Plaintiffs have obtained certain of those communications in response to

subpoena of the relevant insurance brokers. *See* Exhibit M.  Defendant, however, has not

produced a single communication with his alleged insurers.  In particular, Defendant did not

produce the communication transmitting the certificates of insurances to Defendant, which may

contain information relevant to Plaintiffs' claims.

**3**.      **Communications with Defendant's Engineer**      .

The Complaint alleges that there are structural problems caused by Defendant's construction.  *See, e.g.,* Complaint at ¶ 58. Prior to filing of this suit, the Defendant provided two one-page letters regarding certain structural issues from Defendant's engineer, Soil & Structure Consulting LLC.  *See* Exhibit N. Defendant produced these letters in the First Production. Plaintiffs requested that the original letter be tendered as the version previously sent by Defendant is "overcopied" and of unknown provenance.  It was not produced or made available. Plaintiffs have also requested the transmitting emails for the letters.  At least one of these exists as Plaintiffs have obtained some, but not all, such documents from the engineering firm.  *See* Exhibit O.  Defendant has produced none. Defendant has also not produced any communications at all with his engineer, even though these documents exist.  *Id.* Defendant should be required to produce all such documents.

**4**.      **Correspondence and permits with Arlington County**

Defendant did provide certain of these communications, although many of them were actually from Defendant counsel's email inbox and not the Defendant's inbox.  *See* Exhibit P. Because Defendant apparently did not produce these from his own inbox, it is unknown whether other such emails that Defendant counsel did not know about might exist.[2]  The documents that were apparently produced from Defendant's inbox are in a cut and paste format that does not maintain the original format or chronology of the emails.  *See* Exhibit Q (*compare* DELUC-01174 *with* DELUC-1175). Defendant should be compelled to produce all such emails not yet

---

[2] To be sure, Plaintiffs are appreciative of Defense Counsel's attempt to provide relevant information.  The fact, however, that she was required to resort to striking out her name on emails that Defendant should have produced is highly suggestive that her client is not cooperating with her requests to comply with discovery.  Such facts merit this Court's involvement.

produced, and to re-produce the "cut and paste" emails that have been produced "in a form or forms in which [they are] ordinarily maintained."  Fed. R. Civ. Pro. 34(b)(2)(E)(ii).

Likewise, Defendant did not produce all of the permits and permit applications.  *See e.g.* Exhibit R.  Defendant has told Plaintiff that he had all permits and would provide copies.  *See, e.g.,* Exhibit S, p. 2 (DELUC-00795 "Because they are all being copied and documented for our use.").  A central part of Plaintiff's allegations are that Defendant misrepresented the status of his permitting activities at the time of closing. Complaint at ¶ 48-¶ 88 (Dkt. #1). These documents are relevant and must be produced in full.

### 5.      Missing emails

Plaintiffs are aware of numerous missing emails from Defendant's production based on emails obtained from third parties but not produced by Defendant.  For example, Defendant produced certain emails with TTR Sotheby's, but Plaintiffs are aware of others that were not produced. *See, e.g.,* Exhibit T.  Additionally, email attachments are not clearly indicated or are missing, *See, e.g.,* Exhibit U.  Not a single correspondence with Defendant's subcontractors, suppliers, or his construction lender is produced.  It is not credible that Defendant performed work on this 7-figure project without a single email to any employee, subcontractor, supplier or vendor.  These documents are relevant to this construction dispute and must be produced.

### C.      INVOICES, PROOFS OF PAYMENT, CHECK REGISTER, CONTRACTS WITH CONTRACTORS AND RELATED ITEMS.

RFP # 5, #9, #11, #12, #13, #15, #16, #17, #18 related to financial and contractual matters associated with the Defendant's construction. Despite "gutting" and renovating a house and charging Plaintiffs for approximately two-hundred and fifty thousand dollars of custom finishes, Defendant has produced no invoices, contracts, purchase orders, subcontracts or similar documents, other than two or three purchase order documents that Plaintiffs sent to Defendant.

4839-3415-6240.2

He has not produced any proof of payment, checks, credit card receipts, contracts with any party (contractor, subcontractor or anyone else) or other evidence indicating how he spent the money he obtained.  Essentially, Defendant has produced no documents regarding the execution or cost of completing construction.

These are pedestrian requests in construction litigation and are especially relevant here. Plaintiffs have alleged that Defendant diverted funds paid to him for construction and failed to use the money they entrusted to him to complete construction.  *See, e.g.,* Complaint at ¶ 85, *et. seq*.  It is simply not plausible that Defendant does not have these items.  Mr. Deluca promised to provide such information (outside of the litigation context) more than a year ago but never did. *See* Exhibit V (Defendant indicates by email that he is putting all the invoices together on August 6, 2019). Moreover, Plaintiffs were able to obtain a single contract/invoice through a subpoena to Defendant's construction lender, Dashco Inc, that was not produced by Defendant.  *See* Exhibit W (invoice provided to Dashco Inc. by Defendant to secure a draw under his construction loan). In addition, it would be impossible for Defendant to file a tax return or track his profit and loss as a business without such items.  These items are relevant and must be produced.

### D.     Photos

RFP #10 requests photos of the subject property and construction.  Defendant made repeated statements in response to Plaintiffs' inquiries pre-filing of the lawsuit that all construction was thoroughly photographed.  *See* Exhibit J.  The vast majority of photographs produced to date are from emails in which Plaintiffs emailed photographs to Defendant. Defendant appears to not have produced any set of photographs from his own camera, with the exception of producing certain partial posts from his Instagram account showing photos of the property and construction.  The underlying collection of photographs Defendant used to make

11

these posts to his Instagram account have not been produced and are relevant here in this construction dispute.

### E.      Spray-Foam Certificate

RFP #27 requests a spray foam certificate.  In order finalize various permits, the building code requires that a spray foam certificate is issued by the person or entity that performed the work.  Defendant's responses to Plaintiff's document requests commit to producing this document but no production has been made.  *See* Exhibit B. Plaintiffs have alleged that the person or entity that performed the spray foam installation (which is a dangerous material when installed incorrectly) lacked proper Virginia credentials and this is the reason that no certificate has been produced or exists.  Defendant should be required to produce this certificate or acknowledge that none exists.

## III.    CONCLUSION

Wherefore, for the reasons stated above, Plaintiffs, by counsel, respectfully requests that the Court: (1) grant its Motion and order Defendant to produce all documents requested by the RFPs; (2) produce legible copies of the already-produced illegible documents; (3) produce attachments to documents already produced but lacking attachments; (4) order Defendant produce his phone(s) and computer(s) to Plaintiff's counsel for forensic examination and harvesting of missing text messages at Defendant's cost; (5) if Defendant claims he does not have proof of payment documents relating to construction costs, order production of Defendant's bank and credit card statements; (6) order that documents previously produced in cut and paste format (*see e.g.* Exhibit Q) be produced "in a form or forms in which it is ordinarily maintained"; and (7) that Defendant be ordered to pay Plaintiffs' attorney fees incurred in bringing on this

Motion, in addition to such further relief as the Court may deem appropriate under the

circumstances.

**IV.     CERTIFICATION OF GOOD FAITH ATTEMPT TO RESOLVE**

Counsel for Harrell certifies that a good faith effort has been made between counsel to

resolve the discovery matters at issue, including but not limited to undersigned counsel agreeing

to multiple extensions of time to produce documents, undersigned counsel's letter of September

21, 2020 to counsel for Deluca and a telephonic meet and confer held on October 19, 2020.


Dated:  October 28, 2020                     Respectfully submitted,


                                             /s/ THOMAS R. LYNCH
                                             THOMAS LYNCH (VSB NO. 73158)
                                             BRADLEY ARANT BOULT CUMMINGS LLP
                                             1615 L Street, NW, Suite 1350
                                             Washington, DC 20036
                                             Telephone: (202) 393-7150
                                             Facsimile: (202) 719-8394
                                             Email: tlynch@bradley.com
                                             *ATTORNEY FOR JOHN AND DAWN HARRELL*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON OCTOBER 28, 2020, I SERVED A TRUE AND CORRECT COPY OF THE FOREGOING ON THE FOLLOWING COUNSEL OF RECORD THROUGH THE COURT'S CM/ECF SYSTEM

RAIGHNE C. DELANEY
JUANITA F. FERGUSON
MALCOLM W. THOMAS
BEAN KINNEY & KORMAN, P.C.
2311 WILSON BLVD, SUITE 500
ARLINGTON, VA 22201
*COUNSEL FOR DOUGLAS DELUCA*

/s/ THOMAS R. LYNCH
THOMAS LYNCH (VSB NO. 73158)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW, Suite 1350
Washington, DC 20036
Telephone: (202) 393-7150
Facsimile: (202) 719-8394
Email: tlynch@bradley.com
*ATTORNEY FOR JOHN AND DAWN HARRELL*

14