EXHIBIT D

**Bradley**

Thomas Lynch
Direct Dial: 202-719-8228
Direct Fax: 202-719-8328
tlynch@bradley.com

**VIA Electronic Mail**

September 21, 2020

Juanita Ferguson
BEAN KINNEY & KORMAN PC
2311 Wilson Blvd, Suite 500
Arlington, VA 22201
Email: jferguson@beankinney.com

Re:   **REQUEST TO SUPPLEMENT DOCUMENT PRODUCTION**

Juanita,

I am in receipt your responses to Plaintiff John Harrell's First Request for Production (the "RFP"). It is my understanding, based on our prior telephone conference, that the production purports to be a complete response to the RFP save for certain communications between Deluca and his contractors which have not yet been produced.

Please accept this letter as a demand to supplement Mr. Deluca's production by October 5, 2020. If Mr. Deluca refuses to supplement his production as called for in this letter, or we are unable to agree on the scope and timing of a supplemental production, the Harrells will be forced to file a motion to compel. As a result, if it is your position that the production reflects a complete and rules-compliant discovery response, we should schedule a "meet and confer" at your earliest opportunity. If this is not your position, please call me to discuss and explain what steps you intend to take to faithfully comply with Deluca's discovery obligations.

**I.   Mr. Deluca's Objections**

Before discussing the specific RFPs, I want to address your objections to the RFP.

**A.  Objections are waived**

As you know, Local Rule 26(c) requires discovery objections to be served within 15 days. The RFP was served on June 2, 2020, and response times, as noted, were extended by one week by agreement. The time to serve objections expired on June 24, 2020. Your objections were served on July 9, 2020. Failure to comply with Local Rule 26(c) waives objections. *See, e.g.*, *Vivos Acquisitions, LLC v. Health Care Resource*

4845-5852-4105.1

*Network, LLC* 2020 WL 3269135 (E.D.VA June, 16, 2020) (objections waived). Accordingly, your objections are waived entirely.

### B. General objections are not permitted.

Setting aside timeliness, your general-form, boilerplate objections do not comply with the Federal Rules. The governing principle, as you know, is that grounds for objecting must be "state[d] with specificity" and "state whether any responsive materils are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2). The EDVA has specifically rejected the sort of general form objections you raise in your response. As Judge Payne recently stated, "the principle problems with general objections are that (1) they reach so broadly that the requesting party cannot determine what is being answered or responded to and what is not; and (2) the generality obscures what the general objection is foreclosing from discovery. Thus, use of the general objection precludes meaningful negotiation in the meet and confer process . . ., and it allows the producing party a degree of control over the discovery process not intended by the federal discovery rules." *See Spendlove et al v. RapidCourt, LLC*, No. 3:2018cv00856 at 3 (doc#132) (E.D. Va. 2019). Here, Deluca's responses and objections as drafted do not reveal what is being withheld and why. This is not permitted. The responses must be supplemented to provide this information.

## II. Deficiencies in Specific RFP Responses

### 1. RFP #1

RFP #1 seeks certain communications (texts, emails, letters etc.). You respond "subject to" general objections (relevance, attorney-client privilege, ("ACP"), overbreadth, and ambiguity without offering any explanation of the relevance objection or a privilege log.

The production is seriously deficient as almost no communications (other than with my clients and Bean Kinney emails with Arlington County) are produced. Nothing from any suppliers, contractors, subcontracts, Main Street Bank, Dashco, Soil & Structure or the insurance companies, among others. These documents exist and must be produced.

Likewise, I note the complete absence of text messages between the Defendant and any party. These must be produced. If they are lost or destroyed, you are required to so state.

### 2. RFP #2 and RFP #3

Not a single document is produced in response to these requests. Based on subpoena productions, it can be proven that the documents exist. There are thousands of pages of relevant text messages and emails between agents of TTR and the Defendant. There is a significant text chain between Muha and Deluca, for example, that has not been produced. Likewise, no communications with the companies issuing the certificates

of insurance are produced despite the fact that these documents exist, given some were produced by the insurance companies themselves. The Harrells should not have to use third party subpoenas to play policeman on Deluca's completeness in producing documents. Please make a complete production.

### 3. RFP #5, RFP #9, RFP #11, RFP #12, RFP #13, RFP #15, RFP #16

Your objection to RFP #5, RFP #9, RFP #11, RFP #12, RFP #13, RFP #15, RFP #16 is that the information sought is irrelevant and would be unduly burdensome to produce. It appears from the form of your objections that Deluca will not produce any documents in response to these requests. This refusal is not warranted and will require a motion to compel if Deluca maintains this position. The requests relate to documents that evidence, without limitation, (1) what Mr. Deluca spent on construction, including prepaid materials that were not delivered; (2) what materials he purchased or failed to purchase; (3) which contractors (roofing, tile etc) that he employed; (4) who he paid and how much he paid for construction; (5) quotes, invoices, job notes, ledgers, accounting statements and other documents providing details of the nature and progress of the construction work; (6) documents concerning when and how the construction work was performed. The Complaint alleges that Mr. Deluca used unlicensed personnel; overcharged the Harrells; accepted advances and failed to purchase materials or account for sums advanced, failed to perform work for long periods of time and that he breached the contracts by performing defective work of failing to complete work. The documents requested are directly relevant to these claims and the refusal to produce them is improper. If you do not withdraw these objections, please contact me to meet and confer.

### 4. RFP #10

You produce an incomplete set of Property photographs. Not all photographs are provided, and none are dated. We know these are not all the photographs as you have copied me on certain photos previously provided to Arlington County (which are not produced). None of yours client's photographs from his Instagram page (which show the condition of the property before and during construction) are provided.

### 5. RFP #17, RFP#18, RFP #19

As far as I can tell, not a single receipt or purchase order is produced and no contracts with subcontractors, vendors or materials suppliers are provided. While you indicate that such documents will be provided, subject to your general objection, if they exist, none are provided. These documents must be produced.

### 6. RFP #20, RFP #21

You agree to provide the October 28, 2019 letters, but do not provide the transmitting email where these letters were provided to Deluca. Also, as a general remark, we know from a subpoena to Soil and Structure that there are significantly more

4845-5852-4105.1

emails (or text messages) with Soil & Structure that are not provided. There is no appropriate basis to withhold these documents and these documents must be produced.

### 7. RFP #22, RFP #23, RFP #24

These are only partially provided or not at all. A complete set of the permits, permit submissions and communications with Arlington County are not provided. And certain of the permits are simply print outs from Arlington County website and are not the actual permit filing with the County. As you know, the Harrells have alleged that much of the work was done in a non-complaint (illegal) matter. The complete set of communications with Arlington County, permit submissions and drawings must be produced.

### III. Categories of Documents not Produced.

The documents not produced are too numerous to catalog in detail. Below is a non-exhaustive list of categories of documents not produced.

1. There is a large volume of correspondence with Sotheby's that is not provided at all. Text messages between the Defendant and Mr. Muha and others exist and are not produced. Likewise, these are numerous emails between the Defendant and TTR Sotheby's—none of which are identified or provided. These date back to the Defendant's purchase of the property in 2018. Please provide all such texts and emails or other written correspondence dated from September 2018 and the present day relating to the Property, the construction of the Property or the Harrells.

2. There is a large volume of communications with Dashco regarding the construction, some of which specifically mention my clients. We have requested this information and you have provided nothing. All communications with Dashco regarding the Property or the Harrells must be provided.

3. There are communications between the Defendant and my client's financial institution, Main Street Bank. We have requested these and none have been provided.

4. We have requested all financial information of any kind related to the construction. As with the other categories, no receipts, invoices, purchase orders or the like are provided at all. These documents are squarely relevant as my clients have alleged the Defendant accepted advances for materials that he in fact never purchased and that are demonstrably not on site and failed to complete work or performed defective work, and misrepresented what work or materials were furnished. These documents must be provided.

4845-5852-4105.1

5. Your client did not produce the various social media posts from his marketing the property and the construction, in particular photographs showing the condition of the property before and during construction. Given the existing dispute as to what work was new construction and what was existing and not required to be permitted, these documents must be produced.

6. No communications between Deluca or Federal Home and his subcontractors and vendors are provided. No contracts are provided. Deluca did not perform the project without any communications with subcontractors or vendors or any contracts. Please provide these documents.

7. One of the points the Harrells have raised in the complaint is that there was a large volume of work performed without a building permit. Despite various meetings and correspondence with the county confirming this to be the case, this fact was denied in the Defendant's Answer to the Complaint. Even with that background, the Defendant's response does not include all permits that were applied for or obtained and only a selection of the emails with Arlington County are provided (notably, in large part from your email account at Bean Kinney and not the Defendant's).

8. Provide all communications between Defendant and Evergreen Contractors regarding the sale of the lots. These are not produced and have been requested (see RFP #1).

9. Attachments to emails are not provided an must be. *See e.g.*, 00415-426. Numerous emails are unreadable or have formatting issues. *See e.g.* 00469-01064.

10. Complete copies of all certificates on insurance were not provided, nor were communications with the issuing companies.

Please provide supplemental production by October 5, 2020 and withdraw the objections identified in the letter as improper (and which have been waived). If you disagree with any of the assertion or demands in this letter, please contact me to conduct a meet and confer.

I look forward to working with you to resolve these issues with the RFP.

Sincerely,

*Thomas Lynch*
Thomas Lynch

4845-5852-4105.1