# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

|                          |   |                            |
|--------------------------|---|----------------------------|
| **JOHN E. HARRELL**      | ) |                            |
|                          | ) |                            |
| and                      | ) |                            |
|                          | ) | Case No.: 1:20-cv-00087    |
| **DAWN D. HARRELL**      | ) | (LO/MSN)                   |
|                          | ) |                            |
| Plaintiffs               | ) |                            |
|                          | ) |                            |
| v.                       | ) |                            |
|                          | ) |                            |
| **DOUGLAS M. DELUCA**    | ) |                            |
|                          | ) |                            |
| Defendant.               | ) |                            |
|                          | ) |                            |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE

Pursuant to Federal Rule of Civil Procedure 42, Plaintiffs respectfully move this Court to enter an order consolidating this action with Case No. 1:20-cv-01347 ("New Case"). The Defendant in this action does not oppose consolidation.  The Defendants in the New Case oppose consolidation.

This action, *Harrell v. Deluca* (the "Existing Case"), concerns defendant Deluca's sale of certain real property in Arlington, Virginia (the "Property") to Plaintiffs. Defendant Deluca was the owner of the Property. The second case, *Harrell v. TTR Sotheby's et al.,* (Case No.: 1:20-cv-1347) (the "New Case"), also pending before Judge O'Grady, concerns the identical Property sales transaction but asserts claims against the brokerage firm (TTR Sotheby's) and the individual real estate agent (Muha).  The complaints in both actions seek the same relief against all defendants in at least one count (rescission) and, in the event money damages are awarded, seek common money damages against all defendants.

1

## I.      Legal Standard

Consolidation is generally committed to the discretion of the trial court.  *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982).  "[P]roper application of Rule 42(a) requires the district court to determine whether the specific risks of prejudice and possible confusion from consolidation [are] overborne by the risk of inconsistent adjudications [], the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."  *Campbell v. Bos. Sci. Corp.,* 882 F.3d 70, 74 (4th Cir. 2018) (internal quotations and citations omitted).

## II.     Argument

Questions of judicial economy and resources strongly favor consolidation here, because the underlying facts, witnesses, and relief sought overlap.  *See, e.g., U.S. ex rel. Sprinkle Masonry, Inc. v. THR Enters., Inc.*, No. 2:14cv251, 2014 WL 4748527, at *1, *3 (E.D. Va. Sept. 23, 2014) (finding consolidation appropriate defendant where the facts and parties common to both actions were substantially similar).

The cases should be consolidated because: (1) they arise of out the same set of operative facts and the same transaction; (2) the facts and witnesses in the two cases overlap nearly entirely; (3) the Plaintiffs seek the same relief against all defendants on at least one count (rescission of the sale); (4) the complaints allege that the defendants in the New Case and Existing Case acted in concert to wrongfully deceive the Plaintiffs into consummating the sale; (5) the complaints allege that Defendants in the New Case were the agents of the Defendant in this case; and (6) the complaints allege overlapping relief.  *Compare* Exhibit A (Existing Case Complaint, ¶¶ 6, 12, 15-18, 20-22, 28, 33, 87, 97-102, "Wherefore" clause following 113)) *with*

Exhibit B (New Case Complaint, ¶¶ 8, 9, 10, 11-16, 18-19, 24, 27, 29-30, 35, 45, 48-49, 56, 64, 67, 68, 70, 72, 76 "Wherefore" clause following ¶ 90).

Common questions of both fact and law exist in these actions under Fed. R. Civ. P. 42, including but not limited to whether the defendants in the Existing Case and New Case made misrepresentations or concealed information regarding the square footage of the property (and other material facts regarding the property) and whether such misrepresentations entitle Plaintiffs to rescission of the sale (a remedy requested against all defendants, each of whom profited from the sale).

Considerations of the burdens on the court, the litigants, witnesses, as well as the length of time required to conduct two trials related to a single transaction strongly favor consolidation. *See, e.g., Loudermilk v. Autozoners, LLC,* No. 5:15cv16131, 2016 WL 6824396, at *2 (S.D. W. Va. Nov. 17, 2016) (finding consolidation of two different plaintiffs' actions appropriate where common issues predominate and considerations of efficiencies and economy were evident). Discovery in two separate cases would be almost entirely duplicative. *Fed. Ins. Co. v. PACCAR, Inc.*, No. 2:15cv13508, 2016 WL1261148, at *2 (S.D. W. Va. Mar. 30, 2018) (finding consolidated discovery more efficient where both cases arose from the same incident). Perhaps most importantly, consolidation will avoid the possibility of inconsistent adjudication of the rescission counts or the allocation of money damages and "obviate the need for two separate trials between the same parties concerning the same events." *Seabrooks v. Evans Delivery Co.*, No. 5:20-cv-00039, 2020 WL 6122294 (W.D. Va. Oct. 16, 2020).

This motion was timely filed.  During discovery in the Existing Case, specifically on September 22, 2020, Plaintiffs obtained documents showing that Defendants in the New Case made documented misrepresentations relating to the sale of the Property.  On October 1, 2020,

3

Plaintiffs sent a demand letter to counsel for TTR Sotheby's and Muha. Plaintiffs allowed these defendants a short period of time to settle this matter after the demand letter and before publicly filing the complaint (which includes fraud allegations).  The complaint in the New Case was filed on November 9, 2020 and the defendants we served on November 13 and 17, respectively.

## III.      Conclusion

For the foregoing reasons, the Court should consolidate this action with Case No. 1:20-cv-01347.


Dated: November 23, 2020                     Respectfully submitted,


/s/ THOMAS R. LYNCH
THOMAS LYNCH (VSB No. 73158)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW, Suite 1350
Washington, DC 20036
Telephone: (202) 393-7150
Facsimile: (202) 719-8394
Email: tlynch@bradley.com
ATTORNEY FOR JOHN AND DAWN HARRELL

4815-6323-8866.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT ON NOVEMBER 23, 2020, I SERVED A TRUE AND CORRECT COPY OF THE FOREGOING ON THE FOLLOWING COUNSEL OF RECORD THROUGH THE COURT'S CM/ECF SYSTEM

> RAIGHNE C. DELANEY
> JUANITA F. FERGUSON
> MALCOLM W. THOMAS
> BEAN KINNEY & KORMAN, P.C.
> 2311 WILSON BLVD, SUITE 500
> ARLINGTON, VA 22201
> *COUNSEL FOR DOUGLAS DELUCA*

> /S/ THOMAS R. LYNCH
> THOMAS LYNCH (VSB NO. 73158)
> BRADLEY ARANT BOULT CUMMINGS LLP
> 1615 L Street, NW, Suite 1350
> Washington, DC 20036
> Telephone: (202) 393-7150
> Facsimile: (202) 719-8394
> Email: tlynch@bradley.com
> *ATTORNEY FOR JOHN AND DAWN HARRELL*

4815-6323-8866.1