```
                 UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA


   JOHN E. HARRELL,                  )
                                     )
         Et al.,                     )
                                     )
         Plaintiffs,                 ) Civil Action
                                     ) No. 1:20-0087-LO-MSN
         v.                          )
                                     ) November 20, 2020
   DOUGLAS M. DELUCA,                ) 10:24 a.m.
                                     )
         Et al.,                     )
                                     )
         Defendants.                 )
```

*TRANSCRIPT OF MOTION HEARING PROCEEDINGS*
*(Via Zoom Conference)*
*BEFORE THE HONORABLE MICHAEL S. NACHMANOFF,*
*UNITED STATES DISTRICT COURT MAGISTRATE JUDGE*


APPEARANCES:

```
   For the Plaintiffs:    Thomas Ryan Lynch, Esq.
                          Bradley Arant Boult Cummings LLP
                          (DC)
                          1615 L Street, N.W.
                          Suite 1350
                          Washington, DC 20036
                          202-719-8228
                          Fax: 202-719-8328
                          Email: Tlynch@babc.com


   For the Defendants:    Malcolm William Thomas, Esq.
                          Bean Kinney & Korman PC
                          2311 Wilson Boulevard
                          Suite 500
                          Arlington, VA 22201
                          703-525-4000
                          Fax: 703-525-2207
                          Email: Mthomas@beankinney.com
```

```
     Court Reporter:           Scott L. Wallace, RDR, RMR, CRR
                               Official Court Reporter
                               United States District Court
                               401 Courthouse Square
                               Alexandria, VA  2231-5798
                               202-277-3739
                               scottwallace.edva@gmail.com


Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.
```

**FRIDAY MORNING SESSION, NOVEMBER 20, 2020**

THE COURTROOM CLERK:  Civil Action 20-87, *John E. Harrell, et al. versus Douglas Deluca*.

Counsel, please enter your appearances for the record.

MR. LYNCH:  Good morning, Your Honor.  Thomas Lynch for the plaintiff.

THE COURT:  Good morning.

MR. THOMAS:  Good morning, Your Honor.  I apologize, Your Honor.  Good morning.  Malcolm Thomas for the defendant.

THE COURT:  Good morning, Mr. Thomas.  The matter comes before the Court on the plaintiff's motion to compel docket entry number 26, and I received a motion and a memorandum as well as an opposition.  I do not believe that I received a reply brief; is that correct, Mr. Lynch?

MR. LYNCH:  That's correct, Your Honor.

THE COURT:  Very good.  Well, I think we can handle this relatively speedily.  I did not --

(Brief pause in proceedings.)

MR. LYNCH:  Your Honor, at least I can't hear you.

THE COURT:  There seems to be a technical error on my part.  Let me go back.  I received the pleadings and I received the response.  I do not view it, frankly, as an opposition.  It does not appear to be an opposition on the merits.

As I understand it, the defendant is arguing that he has reasonably supplemented the discovery requests, both on November

13th and on November 18th. He details the e-mail communications, photographs from Instagram, the replacement of unreadable or illegible documents, text messages, photos from his cell phone, communications with insurance companies, as all being documents that were subject to the motion to compel that have now been turned over. As I understand it, there are further documents that are being prepared to be turned over. Is that all correct, Mr. Thomas?

    MR. THOMAS: Yes, Your Honor.

    THE COURT: And I take it that there is no objection to the requests being made, it is simply a matter of the challenges that you have had in working with your clients and the technology to extract the information?

    MR. THOMAS: That's correct, Your Honor.

    THE COURT: Mr. Lynch, what is your position?

    MR. LYNCH: Um, Your Honor, yeah, I -- the motion should be granted. They admit that they had documents that were relevant that were not produced on time and still have -- and there are more documents to come.

    I think the only -- I think it's obvious that the motion should be granted. I have not had -- their first production was made on Wednesday night, the same day as their opposition. I have not had a chance to go through all of it, but I confirmed in my brief review that there is still stuff missing and the opposition says that.

The question here to me is -- and I have some things to say about what relief I would like. The main question is, to what extent am I entitled to my attorney fees, and I would like to say something about that, because I think it's very important that I get those here and justice requires it.

So, with the Court's permission, let me give you the timeline. I think the timeline is very important to understand why that is appropriate here. The request for production was served on June 2nd. The first production they made was July 24th. It was grossly deficient. There are 1500 pages. Many of them were illegible. That's July. August 17th I had a discussion with counsel. I told them many documents are missing. I listed the categories that are missing, and they said, okay, we'll work on them, but, you know, this is what we have and we understand there's not much more.

Okay. So we -- a month later, nothing has happened. I send a letter, exhibit to my motion, Exhibit D -- issued in detail. Here are all the categories that are missing documents. I know they exist. I've gotten examples of other documents, okay. So I demand production by October 4th. On October 5th, we still haven't gotten anything. They asked for an extension until October 14th. I said, okay, fine, I'll wait until the 14th, but we're going to set a meet and confer on October 19th, and if I don't have what I need by then, we're going to the Court. We fast forward a little bit more. They don't make the 14th. They

make the production on the 16th.  I want to clarify this while I'm giving you the timeline today.  I have a good working relationship with opposing counsel.  I don't think this is a failure of the law firm, but I do think it's a failure of the law firm's client to be square with them about what they have and don't have.

So, they make their production on the 16th.  It's -- essentially, half of it is blank or illegible pages.  I attached an example of what those looked like in my motion.  Eighty percent of it is repeats from the first production.  In summary, it's grossly deficient again.  Again, we get that production on a Friday, the 16th.  Our next meet and confer is on Monday, the 19th.  So I rushed through on the weekend, spent the weekend looking through that to see if they can save themselves.  We get to the 19th.  I determine they haven't, and the discussion on the 19th is, We're not holding anything back, we've got one more CV, but that is it. And I said, That is not correct.  You have these documents.  They exist.  Your client has them.  I know that because I have examples of all these categories because the third-party has seen them.  But the answer is, We don't have them.

So I -- four days later I get a production of some photos, the CDs I mentioned during the meet and confer, and then I file my motion, and it was not a quick motion to write, Your Honor.  It's not very often that I go to Exhibit W, but I have been

meticulously documenting this.  You say you don't have this?  Here's an example.  You say you don't have that?  Here's an example, going through each and every one of those.  And lo and behold here we are and now all of a sudden the documents do exist.

I've spent eight hours writing the motion and another couple of hours with respect to this hearing, and it is not substantially justified.  It is not justice to say that my client should bear that cost to prove that documents exist and pull these and get the documents.  If that was the case, every party would just say, I don't have the documents, wait for a motion to compel, and then maybe produce then.

So, you know, that's what I want to say about it.  I think this is a clear case where, you know, I'm not -- I don't throw that around loosely, but I don't see how you can have a justice system that would allow this conduct to say that my client has to bear that cost.

All right.  So, something else about relief.  You know, I think the first thing is there should be an order that the production should be completed within 11 days.  That's how local practice works.  Attorneys' fees, you heard me on that.

The third thing is -- okay, we have asked for bank statements.  These are -- as well as proof of payment of invoices.  This is a construction project, and we have an allegation in the complaint that my client paid, and they did,

they advance paid for all of this construction work. The construction work was completed. We alleged that the defendant essentially diverted funds that were advance paid, and then used them for their personal use and didn't spend it on construction. And so, in order to prove that, I need to see, okay, what did you spend on construction, where's the proof of payment, where's the invoices that he got and what was paid. And the rest -- that still has not been provided -- almost entirely not provided so far, and that includes November -- the productions from what I can tell.

The representations in the opposition is -- and I'm quoting here, page 30, I believe. He's engaged -- "Mr. Deluca engaged an accountant to identify the charges and expenditures associated with the work performed to satisfy his request for proof of payment." Now, I don't know what that is going to consist of. I saw this language for the very first time on Wednesday night. If that is a summary of some kind of a Excel sheet by this account where he creates a document after the fact listing expenditures, that is not going to cut it. I want to see a document that is contemporaneous that actually shows what money was spent, and I think there will be a bank statement or -- if this man used his money to pay for these things, there will be a contemporaneous bank document that reflects that. And so that's what I want. I do not want a summary created by an accountant. So that's financial records. That's one of the categories of

things that we requested, and it's a request to say, well, that should include contemporaneous bank statements, not just a summary of the accounts. All right, that's number 3.

Number 4, the -- I think that it would be -- we requested production of the computer and phone for forensic examination by us. The text items that we got in the November production, they're out of chronological order. They look to be select screen shots picking and choosing the ones they want to produce. In light of the kind of flip-flop between we don't have it and now we have it, I don't know how I can trust the defendant. I trust the law firm, but I don't know that I trust the defendant's ability -- and honestly -- to give me everything. I do not -- the electronic signature, what I'm getting here, these are screen shots. So, okay, fine. That's technical, but how do I know it's complete? And so that's why I requested the computer and the phone. And then the last thing -- that was number 4.

Number 5 is just the -- the relief is without prejudice. If you ask him to produce everything in 11 days, I want to see what I get in 11 days, and I reserve the right to come back. So, those are my comments, Your Honor.

THE COURT: Thank you. Mr. Thomas, what is your position with regard to financial records?

MR. THOMAS: Yes. We provided that, and it's my understanding that the accountant is providing supporting documentation along with whatever is being collated with regards

to this process.

    THE COURT:  So, let me make sure I understand what you are saying.  You are saying that all bank statements and invoices related to these discovery requests in this case have already been turned over, or are you saying that they will be turned over?

    MR. THOMAS:  Will be turned over.

    THE COURT:  Okay.

    MR. THOMAS:  That goes to the -- we're relying on the accountant to collate that information.

    THE COURT:  So, the financial documents which will be turned over are presently in the possession of the accountant, but you will be getting them and turning them over?

    MR. THOMAS:  Yeah, that's my understanding, that the accountant is using those financial documents and things of that nature to compile a list of the expenditures that were used and the work at issue.

    THE COURT:  But I want to be clear.  You intend to turn over the raw documents in addition to whatever products the accountant puts together; is that correct?

    MR. THOMAS:  Yes.  Yes, Your Honor.

    THE COURT:  Okay.  And with regard to the computer and the phone, do you have any objections to turning those over to be forensically examined by the plaintiff?

    MR. THOMAS:  I do think it's a bit extreme remedy to be

granted. I understand it has been a frustrating process. And with the phone and text messages, the phone being {indiscernible} not saved, my understanding, to the iCloud, whatever, and it was a phone that was damaged. It was recently able to be accessed by an IT professional, so that's how we were able to get those things to Mr. Lynch.

THE COURT: Well, is that IT professional who has extracted that information provided to the plaintiff an explanation of how he went about that so that they could then make a determination whether or not that was a comprehensive and adequate search of the computer and phone?

MR. THOMAS: Not to my knowledge, Your Honor. I mean, it's my understanding that it was -- with respect to the iPhone, it was that the phone data was then uploaded to put in the Apple's cloud servicing --

THE COURT: Well, do you agree that the plaintiff has a right to understand the basis and process that was used to extract the information that's being turned over so that they can have confidence that it was a complete effort to do so, or should they simply take it on faith that it's been done in a comprehensive manner?

MR. THOMAS: Well, I understand Mr. Lynch's point about wanting to know that it has been done comprehensively.

THE COURT: And what is your position with regard to attorneys' fees?

MR. THOMAS:  I ask that they be denied.  It's been extremely laborious on both sides, and it has taken all -- efforts on my client's part and our part to try to endeavor to get these things to Mr. Lynch as soon as possible.  So, we request that they be denied.

THE COURT:  Well, I think I've heard enough.  This matter comes before the Court on plaintiff's motion to compel.  The motion will be granted.  There's no doubt whatsoever that the production thus far has been deficient and late and that it has been pulling teeth for the plaintiff to get documents that there seems to be no dispute are relevant, germane, and appropriate for the plaintiff to seek in this matter.

It appears that there has been a belated effort to provide those documents in the last few days, but by defendant's own admission it is not complete, and there is still more to do.  And so, accordingly, the motion is granted.

I will require that responsive documents and complete answers to all outstanding discovery that's been requested in the motion to compel be provided within 11 days from the date of this order.

That will include the financial records that are at issue, bank statements and invoices.  Whether they are with the accountant or whether they are in some other location, the burden falls on the defendant to collect and produce those documents pursuant to the discovery requests.  To the extent the accountant

is providing some additional assistance in organizing those documents and has information that is relevant and pertinent, that information must be turned over as well, but as I understand it, and based on defense counsel's representation, there is no effort to try and provide a summary to substitute for the raw underlying documents that have been requested that are in the possession of the defendant in this matter.

With regard to the computer and the cell phone, again, it is not unreasonable, as defense counsel has conceded, that plaintiff needs to understand the method of searching and extracting information from the cell phone and the computer, and based on the attachments to the motion to compel, it is clear that whatever process was undertaken originally, it was grossly inadequate. To the extent an IT professional has been retained and now more comprehensive documents have been produced, that may well be exactly what is needed, but the plaintiff has a right to understand the process and what has been done to extract that information, and that will have to be provided within 11 days.

If it is inadequate, plaintiff may raise the request to have a forensic evaluation done and the cost will be assessed to the defense. I'm not granting that at this time because it may well be that what you have done is sufficient but has not been adequately explained to the plaintiff. So I'm going to give you a very brief opportunity to demonstrate that you have complied with your discovery obligations and that the additional costs and

expense of a third-party forensic examination is not required here.

Likewise, the plaintiff has made a compelling argument that the process of seeking and collecting information relevant to this claim has been more cumbersome and laborious than necessary, and that the positions taken are not substantially justified. And, pursuant to Rule 37, the Court certainly has the power to assess fees and costs associated with preparation for the motion. It is not the practice of the Court or me individually to assess fees in discovery disputes unless there is a demonstrated track record of not cooperating. It is only by grace that I am not imposing fees and costs at this time, but I am denying those fees and costs without prejudice.

And to the extent that there is not complete compliance with this Court's order within 11 days, plaintiff, if they have to file another motion, can certainly seek fees and costs, and I will consider assessing fees and costs for this matter as well as a future matter at that time. And I see that Mr. Deluca is here on the Zoom. It is not typical that civil litigants participate in pretrial motions. You are welcome to be here. Mr. Deluca, I will address my comments to you. I am putting you and your counsel on notice that if there is not full compliance from here on out with discovery, that the costs of seeking to get what they need in this case will be assessed against you, and so that message does not need to come through the attorney, it's coming

directly from the Court.

And, Mr. Thomas, to the extent there are troubles on your end, that's not before me, but whatever I am saying to you and whatever the expectations of the Court are of the defense, they are likewise the same for the plaintiff, and so that is why the Court doesn't generally impose costs.  There are compelling reasons on both sides to overcome the frustrations and difficulties of discovery and work collaboratively, and the parties still have the opportunity to do that.  So, I'm not inviting you to come back here every week with disputes.  I am requiring you to engage in the kind of good faith meet and confer that I expect of counsel in every case.

And I encourage you to think about whether or not the costs of this litigation on both sides are really the best way to handle it or whether or not the parties can think about a resolution through settlement, and if so, you're welcome to contact my chambers and I'll be pleased to conduct a settlement conference.  Is there anything else I need to address with regards to this matter, Mr. Lynch?

MR. LYNCH:  No.  One housekeeping question somewhat unrelated.  We have a nondispositive motion, a scheduling motion. I was curious if the Court is hearing motions on the 27th of November, the Friday after Thanksgiving?

THE COURT:  I am not scheduled to hear matters.  If it is a consent matter on scheduling, you can submit it to me and I

will certainly address it and issue an order promptly.  If it's a matter that you all need to have a resolution on and needs argument, you can either propose an expedited briefing schedule or I can set it on a non-Friday.  We don't need to put it off for two weeks.  So, you can contact chambers and we can do it as a Zoom oral argument or a conference call, if need be, but I would encourage you to talk to each other and figure it out, but I will not have an oral argument next Friday.

      MR. THOMAS:  Okay.  Thank you, Your Honor.

      THE COURT:  Thank you.  Is there anything else, Mr. Thomas, that I need to address?

      MR. LYNCH:  No, Your Honor.

      THE COURT:  Thank you.  Then this matter is resolved and you all may leave the Zoom and we can call the next matter.

      (Proceedings adjourned at 11:28 a.m.)

### **C E R T I F I C A T E**

        I, Scott L. Wallace, RDR-CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

```
  /s/ Scott L. Wallace                  2/4/21
  ---------------------------        ---------------
    Scott L. Wallace, RDR, CRR           Date
       Official Court Reporter
```