UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JOHN E. HARRELL,** *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 1:20-cv-00087 |
| ) | (LO/MSN) |
| **DOUGLAS M. DELUCA,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT DOUGLAS M. DELUCA'S SUPPLEMENTAL RESPONSES TO JOHN HARRELL'S FIRST SET OF INTERROGATORIES

Defendant Douglas M. Deluca ("Defendant" or "Mr. Deluca"), by counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff John Harrell's ("Harrell") First Set of Interrogatories.

1. Identify the name, address, phone number, contact person(s) and relevant Virginia license number, if applicable, for all subcontractors, employees, and independent contractors that performed Work on the Project for Deluca or Federal Home or Federal Construction at any time between September 2018 and the present day.

OBJECTION: No objection.

ANSWER: PEC Contracting, LLC, License Number 2705160864, 2946 Sleepy Hollow Road, Suite 2E, Falls Church, VA 22044, (703) 570-4248 ; ABW Appliances, 8951 Brookville Rd, Silver Spring, MD 20910, (301) 787-4708; Ehrlich Pest Control, 5410 Port Royal Rd, Springfield, VA 22151, (703) 440-8000; Priddy Chimney Sweeps, 7636 Standish Pl Ste B, Rockville, MD 20855, (301) 530-4262; Build.com, 1 (800) 375-3403; TW Perry, 1 (888) 897-3779; Ferguson, LLC,  Estate Concrete, LLC 1 (866) 536-8400; Academy Door & Control Corp.

01705246-1

*2705123976, 3931 Avion Park Ct Suite C 104, Chantilly, VA 20151, (703) 541-0300; New England Woodworks, 1(800) 275-5157, Sislers Stone, 7139 Lee Hwy, Falls Church, VA 22046, (703) 532-0169: Kelley Automatic Gate Repair Company 1(800) 794-5201; REC Contractors; Vanessa Services (HVAC); Eagle Contractors; AV Designs; Aspen Tree; Benjamin Cruz (Roofing); Ricardo Amaya Tile; Seamless Gutter Supply.  Mr. DeLuca reserves the right to supplement this Answer upon further search, investigation, and inquiry.*

**SUPPLEMENTAL ANSWER:**

*Benjamin Cruz, worked for Milton (roofing) (703) 593-8780*

*Ricardo, Amaya Tile, Tile Setter (703) 843-6843, no contractor license needed*

*Eagles Contractors, 13223 Keach PL, Herndon, VA, 20170  (703) 297-2530*

*REC Contractors, 6725 Montell Dr, Highland, MD 20777, (301) 854-9537*

*Vanessa HVAC, 6526 Arlington Blvd, Falls Church, VA 22042, (703) 593-0687*

*AV Designs, contact Sam, 703-731-5861*

*Aspen Tree Company, 11941 Main St, Libertytown, MD 21762, (301) 898-7569]*

*Seamless Gutter Supply 2151 Priest Bridge Dr # 36, Crofton, MD 21114*

*Edgar Jesus (general laborer and landscaper) no license needed – 7202 Graham Road, Falls Church, VA 22042*

*Melvin Escobar (stone mason) no license needed – 122 Cliff Circle, Stafford, VA 22556*

*Ian Berry (welder) - 703-945-9164, no license needed*

*Jose Calix (drywall and carpentry), affiliate of Eagle Contractors 13223 Keach PL, Herndon, VA, 20170, no license needed*

*Alfred Rivas Garcia (finish carpenter), no license needed*

*Rubilio Rodriguez Equizabal (siding, metal roof, gutters) no license needed*

*Nahun Cerratto (finish carpenter) – 4337 Lawrence Street, Alexandria, VA 22309*

*Luis Antonio Guillen (siding)*

*Cristien Oswoldo Sanchez (carpentry/framing), subcontractor to REC*

*Wilber Alonso Aguerro (painter)*

*Jose Salgado (trim) no license needed*

*Brian B Quick, Plumbing, Heating and Air Conditioning – 907 Annapolis Ave, Edgewater, MD 21037  - [brianbquickll@gmail.com](mailto:brianbquickll@gmail.com)*

*Kaywell Construction [9520 Berger Road, Columbia, MD 2104*

*Donald Ellenberger/Ellenberger Mechanical Inc.*

*Demetrio Hernandez, journeyman, 7447 Boundary Ave, Manassas, Va 20111, worked under United Electric*

*Milton (roof)*

*Energy One America, 454 Jessen Lane Charleston, SC 29492*

*Renovations Expert Inc, 5880 Hubbard Drive, Rockville, MD 20852, 2705119893*

2.  For each person identified in #1 above, identify all amounts paid to such person related to the Project including the date such payment was made, all amounts due and outstanding for Work performed on the Project as of the date of these responses, and any amounts that were previously or currently in dispute related to the Project, the reason for such dispute and, if applicable, how such dispute was ultimately resolved.

OBJECTION: No objection.

ANSWER: Mr. DeLuca does not owe any monies to any of the businesses listed in response to Interrogatory Number 1.  Between April 5 and July 3, 2019, Mr. DeLuca incurred $234,201.75 in labor costs and approximately $110,000 in materials costs. Mr. DeLuca reserves the right to

*supplement this Answer upon further search, investigation, and inquiry.*

### SUPPLEMENTAL ANSWER:

**Brian B. Quick - $14,000  AMEX payment**

**Kelly's Gate Service - $19,170  AMEX payment**

**Priddy Chimney Sweeps**

- $5,000 – 11/15/19 AMEX
- $14.652.90 – 5/22/19 AMEX
- $14,434.20 – 3/19/2019 AMEX
- **Eagles Contractors**
    - $5,000 – 1/25/19 check
    - $3,000 – 2/4/19 check
    - $596 – 2/19/19 check
    - $3,000 – 2/19/19 check
    - $3,000 – 2/20/19 check
    - $5,000 – 2/28/19 check
    - $5,000 – 3/8/19 check
    - $5,000 – 3/12/19 check
    - $5,000 – 3/22/19 check
    - $5,633 – 3/29/19 check
    - $5,000 – 4/4/19 check
    - $126 – 3/28/19 check
    - $10,000 – 4/19/19 check
    - $2,443 – 4/26/19 check
    - $1,200 – 4/26/19 check
    - $5,000 – 4/26/19 check
    - $5,000 – 5/2/19 check
    - $1,852.07 - 5/24/19 check
    - $700 – 1/5/19 check
    - $5,000 – 1/5/19 check
    - $900 – 1/5/19 check
- **Aspen Tree – checks**
    - 3/15/19 - $7,300
- **REC Contractors**
    - $5,500 – 7/15/19 check

*Additional info will be provided upon receipt.*

3. Identify all materials purchased by Deluca in order to perform the Project or described in the Sales Contract or the Construction Contract, including the type of material, the date of purchase, the price paid, the vendor from whom it was purchased and the date it was delivered to the Property (if ever) or its current location (if not on the Property).

**OBJECTION: No objection.**

*ANSWER: Plumbing materials, roofing materials, framing materials, paint materials, wood floor materials, kitchen appliances, HVAC materials, and electrical materials. Mr. DeLuca reserves the right to supplement this Answer upon further search, investigation, and inquiry.*

*SUPPLEMENTAL ANSWER:*

- **Appliances from ABW. Ordered 5/15/2019 and paid $45,568.19**
- **Driveway gate from New England Woodwork. Ordered (approximately 6/6/2019) and paid $12,725**
- **Lumber from TW Perry**
    - **TW Perry – order - $3,119.79 deposit**
    - **TW Perry – order - $2,285.36 deposit**
    - **TW –order - $1,157.52 deposit**
    - **TW – order - $2,667.36 deposit**
- **Plumbing materials from Ferguson LLC, aka Ferguson Plumbing**
    - **AMEX charges**
        - **$1,205.85 (7/18/19)**
        - **$14.84 (9/5/19)**
        - **$74.20 (9/5/19)**

- **Concrete from Estate Concrete LLC**

- **Marble Systems, purchased marble tile $ 25,726.45**

- **Purchased marble countertops, vanity tops and shower glass from Sam's Marble**

- **Potomac Paint and Colorwheel, purchased paint**

- **KAMCO, purchased drywall**

- **Garage door from Academy Door & Control Corp. for $1,478. Order on or around 6/13/2019.**

- **Stone, block and mortar from Sislers Inc.**

- **Copper gutters from Seamless Gutter Supply - $5,361.68 – 6/25/19 check**

- **Reclaimed lumber from Steveo's Reclaimed**
    - **$1,300 – 6/19/19 check**
    - **$1,100 7/16/19 check**
    - **$350 – 8/7/19 check**

- **Plumbing fixtures from Build.com**

    4.   If you contend that Deluca purchased the master bathroom tile for the Project, identify the date the tile was purchased, the price paid, the vendor from whom it was purchased and the date it was delivered to the Property (if ever).

    OBJECTION: No objection.

    *ANSWER: Mr. DeLuca purchased tile for the Project from Marble Systems. Upon information and belief, the approximate amount of the tile was $23,000 for all of the Property. Upon further information and belief, the tile was delivered for all of the Property with the exception of the Owner's bathroom in the spring of 2019. After receiving the Marble Systems tile delivery, Mr. DeLuca obtained a quote for the Owner's bathroom marble. The marble tile for the*

*Owner's bathroom was ordered in the spring of 2019 but was never delivered. Mr. DeLuca has requested but not yet received a refund in excess of $2,000.00 from Marble Systems for the tile deposit. Tile was installed in all of the bathrooms with the exception of the Owner's bathroom.*

**SUPPLEMENTAL ANSWER:** *Mr. DeLuca purchased tile for the Property from Marble Systems. The payment was made via AMEX for a total of $25,726.45. That amount covered the entire cost for tile for all of the Property, except for the Owner's suite bath. Included in the AMEX charge was 50% of the cost of tile for the Owner' suite bath. Mr. DeLuca made use of his Marble Systems discount to pass on a lower cost to Plaintiffs.*

7.   If you contend that, at any point, all permits required by Arlington County to perform the Work were approved by Arlington County, identify the date each permit required to perform the Work was approved and the date(s) when county-approved permits were active.

OBJECTION: No objection.

ANSWER: *See the Defendant's answer to Interrogatory Number 6. Use Mr. Deluca's stickers for dates of approval. The Defendant will supplement upon further search.*

**SUPPLEMENTAL ANSWER:**

*P1901787 | Application 6/4/2019 | Approved 6/5/2019 | Issued 6/10/2019*

*B1803016 | Application 10/29/2018 | Approved and Issued 4/3/2019*

*B1901108 | Application 4/22/2019 | Approved and Issued 6/4/2019*

*B1903336 | Application and Issued 11/20/2019*

*B1902167 | Application 8/6/2019*

*E1901071 | Application/Approved/Issued 4/09/2019*

*M1900548 | Application/Approved/Issued 4/23/2019*

*P1901124 | Application/Approved/Issued 4/04/2019*

*P1901125 | Application/Approved/Issued 4/04/2019*

*P1901604 | Application/Approved/Issued 5/16/2019*

*P1901861 | Application/Approved/Issued 6/11/2019*

*P1902902 | Application/Approved/Issued 9/05/2019*

*For the "stickers" referenced in the prior answer, please see DELUC-2835-2860.*

10. Describe what work was performed at the Property between August 1, 2020 and March 16, 2020.

OBJECTION: Defendant objects that the Interrogatory is vague as to the applicable dates. Defendant further objects that the Interrogatory is cumulative because in the information sought is covered by Interrogatory No. 10.

**SUPPLEMENTAL ANSWER:** *Between August 1, 2019 and March 16, 2020, the metal staircase in the Carriage House was demoed. The two wood stairs at the owner's suite were demoed. An irrigation system, previously installed, was connected to a newly installed meter by Arlington County. Mechanical and boiler work, i.e. the turning on of the boiler system and the thermostat, occurred. Regular maintenance related to pest control occurred also. During October 2019, the crawl space was cleaned, sealed, and a dehumidifier was installed. On occasion, cleaning of trash that was in the yard was done. Finally, a protective layer on all interior finishes was done throughout the Main House.*

11. Identify all Arlington County inspections currently required to close out all open permits on the Property and, if such inspections have been completed, the date any such inspections were completed.

OBJECTION: No objection.

*ANSWER: In order to close out all open permits, the following inspections will be required:*

*a Final Inspection of the Owner bathroom, a Re-inspection of the mudroom, an Inspection of front steps, replacement of the wood steps to the Owner's Suite and replacement iron steps from the gym to Carriage House loft.*

**SUPPLEMENTNTAL ANSWER: In order to get the final inspection in the owner suite bath, final inspections of electrical, plumbing, and mechanical are needed.  Once the inspection of the owner's bath occurs, the open permits for the plumbing, electrical, and mechanical, may be closed as inspections of those three trades in the other parts of the Property have already passed.**

12. If you contend that Deluca did not breach the Construction Contract or Sales Contract, identify the factual and legal basis for such contention.

OBJECTION: No objection.

*ANSWER: Mr. DeLuca did not breach the Sales Contract. Prior to closing, the Harrells requested that their lender inspect the condition of the Property.  One inspection occurred three weeks prior to closing and another inspection occurred one week prior to closing.  After both inspections, the lender did not object to the Parties proceeding to closing as with the exception of those items that were rolled over onto the Post-Closing Agreement, Mr. DeLuca fulfilled the terms of the Sales Contract.  As for work that was to be completed under the Sales Contract, weeks before closing, Plaintiffs requested that the powder room on the first floor be cancelled and a credit provided. Also, within a month of closing, Plaintiffs did a punchlist.  Two additional punchlists were done prior to closing.  The Parties agreed that the punchlist items would be a part of the work to be completed under the Post-Closing Agreement.  The Parties also agreed that the Owner bath would be completed under the Post-Closing Agreement.  The Parties also agreed that $20,000*

*of the purchase price for the Property would be held in escrow pending completion of the work that was not completed under the Sales Contract. The Post-Closing Agreement also included additional improvements that were not contracted for in the Sales Contract but that Plaintiffs nonetheless wanted to have performed by Mr. DeLuca: the remodel of the Evan's Bath, the installation of the Carriage House sink, sinks in the Owner's suite, door stops, a retrofit of the kitchen center table, library doors, wine refrigeration, the hall cabinet, a barn door opening for the laundry, and relocation of the sauna. Plaintiffs ultimately did not permit Mr. DeLuca to complete the work that was contracted for in the Post-Closing Agreement.*

**SUPPLEMENTAL ANSWER: As previously stated, Mr. DeLuca did not breach the Sales Contract as any work that was not completed by the date of closing was included as work to be completed in the Post-Closing Construction Agreement. On August 6, 2019, Plaintiff asked Mr. DeLuca to temporarily suspend construction, which delayed completion of the contemplated work. Plaintiffs have ultimately precipitated the delay by refusing to advise Mr. DeLuca of certain selections necessary for a final inspection of the Property. Mr. DeLuca has presented the Plaintiffs with numerous changes orders, but Plaintiffs have not advised him on the change orders/RFI submitted.**

13. Identify the date all permits required by Arlington County to perform work on the Carriage House, mudroom and powder room were applied for and approved.

OBJECTION: Defendant objects that the Interrogatory is argumentative as phrased in so far as it requires an adoption of an assumption as to which permits were required by Arlington County.

*ANSWER: Mr. DeLuca met with Arlington County during the Spring of 2020. All amended plans for the Carriage House were reviewed and approved. Mr. DeLuca reserves the right to*

*supplement this response upon further search, investigation, and inquiry.*

**SUPPLEMENTAL ANSWER: *Permit B1901108 was issued December 19, 2019 to perform work in the Carriage House. The main building permit was amended during December 2019 to include the mudroom to ensure the County could determine that insulation had been installed. Mr. DeLuca applied for a separate permit to do the powder room, an extension of the porch, and the installation of a pool in approximately May 2019. The permit was not approved as Plaintiffs directed that the permit be cancelled.***

14. If you contend the code violations listed in Paragraph 70 of the Complaint are not in fact, violations of the applicable building code, identify the factual and legal basis for such contention.

OBJECTION: Defendant objects that the Interrogatory calls for an expert opinion.

*ANSWER: With respect to what, if any, portion of the Work performed by Mr. DeLuca is or is not in violation of the applicable building code, Mr. DeLuca respectfully defers to the opinions that will be produced by his expert in accordance with the Scheduling Order.*

**SUPPLEMENTAL ANSWER:**

a) *Mr. DeLuca defers to his expert Angus Macdonald who notes that the risers are not part of the required egress path and that the risers do not need to be remediated.*

b) *Regarding the stair risers, Mr. DeLuca proposed to rebuild the stairs to ensure they were even. To date, Plaintiffs have not approved the Change Order request.*

g) *Mr. DeLuca defers to his expert Mr. Macdonald who notes that, based on the spray foam certificate, the insulation is in place.*

c)- f) and h) *Mr. DeLuca defers to Mr. Macdonald and does not contend that these are not code violations.*

Dated: February 1, 2021

Respectfully Submitted,

 /s/ *Malcolm W. Thomas*
Raighne C. Delaney, Esq., VSB #38787
Juanita F. Ferguson, Esq., VSB # 44855
Malcolm W. Thomas, Esq., VSB #89629
BEAN, KINNEY & KORMAN, P.C.
2311 Wilson Boulevard, Suite 500
Arlington, VA 22201
rdelaney@beankinney.com
jferguson@beankinney.com
mthomas@beankinney.com
(703) 525-4000 (phone)
(703) 525-2207 (fax)
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2021, I served a true and correct copy of the forgoing on the following counsel of record through Email:

Thomas R. Lynch, VSB No. 73158
Bradley Arant Boult Cummings LLP
1615 L Street, NW, Suite 1350
Washington, DC 20036
*Counsel for Plaintiffs*

Michael T. Marr, Esq.
Madelaine A. Kramer, Esq.
SANDS ANDERSON PC
1497 Chain Bridge Road, Suite 300
McLean, VA 22101
*Counsel for Co-Defendants*

/s/ *Malcolm W. Thomas*
Malcolm W. Thomas

01705246-1

12