IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JOHN E. HARRELL, et al, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:20-cv-00087 |
| | ) | (LO/IDD) |
| | ) | |
| DOUGLAS M. DELUCA, | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE AMENDED 26(a)(3) PRETRIAL DISCLOSURES**

Defendant, Douglas M. DeLuca, by counsel, submits this Memorandum in Support of Motion for Leave to File Amended 26(a)(3) Pretrial Disclosures.

**SUMMARY OF ARGUMENT**

Prior counsel failed to identify certain exhibits that DeLuca believes are important to his defense and claims in this matter, and he requests that the Court grant him leave to amend his 26(a)(3) Disclosures to include these additional exhibits. The proposed Amended 26(a)(3) Pretrial Disclosures are attached as Attachment 1, and the new exhibits are listed as 157-198 (the "Amended Exhibit List"). The exhibits, which were produced in discovery, include photographs of the property and the work completed, a text exchange related to the master bathroom tile, a credit card statement reflecting a payment to Marble Systems on May 10, 2019, and e-mail correspondence between the parties occurring on and after August 6, 2019.

No prejudice will come to the Harrells if this Motion is granted, there is no bad faith on the part of DeLuca in filing this Motion, and the amendment will not be futile as it will aid DeLuca in defending the case.

## PROCEDURAL BACKGROUND

Prior counsel timely filed DeLuca's 26(a)(3) Pretrial Disclosures on May 21, 2021. (ECF #64). The exhibit list contained within the 26(a)(3) Pretrial Disclosures (the "Initial Exhibit List") contains some photographs of the property, but inexplicably omitted other photographs that help demonstrate the high quality work performed by DeLuca. In addition, certain communications exchanged between the parties that provide rebuttal evidence to the Harrells' various claims were not identified.

On October 14, 2021, the Court entered an Order Substituting Counsel, whereby E. Andrew Burcher, Esq. and Michael J. Coughlin, Esq. became counsel of record for DeLuca. Since becoming counsel, Messrs. Burcher and Coughlin have expeditiously reviewed as many of the documents exchanged between the parties in the case as possible, and they have filed this Motion as quickly as possible.

On February 10, 2022, counsel for DeLuca spoke with counsel for the Harrells and indicated that he would be filing a Motion to Amend 26(a)(3) Pretrial Disclosures, but an agreement related to the proposed amendment was not reached. On February 9, 2019, counsel for DeLuca requested via e-mail that the Harrells' attorney consent to the proposed amendment, which consent was denied on February 10, 2022.

## ARGUMENT

FRCP 15(a)(2), addressing amendments to pleadings before trial, provides as follows:

> [i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The Supreme Court has stated that the mandate to permit an amendment to a pleading "is to be heeded," and should only be denied when the amendment would be prejudicial to the

2

opposing party, there has been bad faith on the party of the moving party in relation to the request, or the amendment would be futile. *Forman v. Davis*, 371 U.S. 178, 182 (1962). With the Amended Exhibit List filed 45 days before trial, no prejudice will come to the Harrells, as they have sufficient time to prepare for trial. Additionally, there is no bad faith on the part of DeLuca; instead, his prior counsel should have included these exhibits in the Initial Pretrial Disclosure.

Furthermore, granting leaving will *not* be a futile act, as it will allow DeLuca to better defend the case. The pictures provided are clearer than other pictures of the work performed, include pictures of approved inspections by Arlington County for the work, and also include correspondence exchanged between the parties that will help DeLuca defend the fraud claims, if they survive, and the breach of contract claims.

Additionally, "delay alone is not sufficient reason to deny leave to amend. The delay must be accompanied by prejudice, bad faith, or futility." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-510 (4th Cir. 1986). Again, the factors of prejudice, bad faith, or futility are not present here, and, under the circumstances, counsel for DeLuca have filed this Motion as quickly as possible.

## CONCLUSION

The ends of justice require that DeLuca be granted leave to file the proposed Amended 26(a)(3) Pretrial Disclosures, and he requests that the Court grant his motion.

Dated:  February 11, 2022

Respectfully submitted,

WALSH, COLUCCI, LUBELEY,
& WALSH, P.C.

/s/ Michael J. Coughlin
E. Andrew Burcher, VSB No. 41310
Michael J. Coughlin, VSB No. 70915
Attorney for Defendant
4310 Prince William Parkway, Suite 300
Prince William, VA 22192
Phone: (703) 680-4664
Fax:  (703) 680-2161
eaburcher@thelandlawyers.com
mcoughlin@thelandlawyers.com

### CERTIFICATE OF SERVICE

I, Michael J. Coughlin, hereby certify that on the 11th day of February, 2022, I served a true and correct copy of the foregoing on the following counsel of record through the Court's CM/ECF System:

Thomas R. Lynch, VSB No. 73158
SELZER GURVITCH RABIN, WERTHEIMER & POLOTT, P.C.
4416 East West Highway, Fourth Floor
Bethesda, MD 20814
tlynch@sgrwlaw.com
*Counsel for Plaintiffs*

/s/ Michael J. Coughlin
Michael J. Coughlin, VSB No. 70915
Attorney for Defendant
4310 Prince William Parkway, Suite 300
Prince William, VA 22192
Phone: (703) 680-4664
Fax:  (703) 680-2161
eaburcher@thelandlawyers.com